IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Neural Galaxy LLC, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. _____ |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| Coach Kecheng Wei, ) | |
| Defendant. ) | |

Plaintiff Neural Galaxy LLC (the "Company") brings this action against Coach Kecheng Wei ("Coach Wei") for breach of fiduciary duty. While Coach Wei was the Company's Manager and Chief Executive Officer ("CEO"), he caused the company to pay hundreds of thousands of dollars of personal expenses. After he was terminated by the Company, Coach Wei misrepresented to Bank of America that he rightfully controls the Company's Bank of America accounts (the "Accounts"), causing Bank of America to freeze more than $15 million in the Accounts and severely damaging the Company's operations. The Company also seeks a declaratory judgment that Coach Wei is no longer an officer of the Company or a signatory on its bank accounts.

**PARTIES**

1. Plaintiff Neural Galaxy LLC is a limited liability company formed in Delaware, with its principal place of business in Hopkinton, Massachusetts. Its sole member is Neural Galaxy Inc., a Cayman Islands corporation with its principal place of business in Beijing, China.

2. Defendant Coach Wei is the former Chief Operating Officer of the Company, who was removed from that position on April 26, 2024 due to mismanagement of the Company

and its funds, as well as other misconduct. He is a citizen of the United States but now resides in the People's Republic of China.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). The Parties are all citizens of different states or foreign states and the amount in controversy exceeds $75,000. The Court has authority to grant declaratory relief under 28 U.S.C. §§ 2201 and 2202.

4. This Court has personal jurisdiction over Coach Wei pursuant to M.G.L. c. 223A § 3 as (1) a person transacting business in Massachusetts, (2) as a person causing tortious injury by acts and omissions in Massachusetts, and (3) as a person causing tortious injury in Massachusetts by acts and omissions outside Massachusetts. The exercise of personal jurisdiction over Coach Wei is consistent with the Due Process clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution.

5. Venue is proper in this forum pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events or omissions giving rise to the claims in this action occurred in this District.

## FACTS

### The Company's Operations

6. Neural Galaxy Inc. was founded in 2018 by Dr. Hesheng Liu, Dr. Guoping Feng, Dr. Robert Desimone, and Coach Wei.

7. Dr. Hesheng Liu is the Company's CEO, as well as the Director of the Laboratory for the Study of the Brain Basis of Individual Differences at Massachusetts General Hospital, the SmartState Endowed Chair Professor of Neuroscience, Director of Computational Brain Imaging Core, Associate Director of Biomedical Imaging Center at the Medical University of South Carolina.

8. The Company's mission is to solve brain disorders. It is committed to mankind's last frontier, with a vision of understanding, protecting, and augmenting brain functions. It invests in unmet clinical needs and disruptive innovations.

9. On November 19, 2018, Neural Galaxy Inc. named Coach Wei its President and CEO, effective January 1, 2019.

10. Coach Wei was an at-will employee of Neural Galaxy Inc.

11. On December 5, 2018, Neural Galaxy Inc. founded the Company under Delaware law.

12. Neural Galaxy Inc. is the Company's sole member and owner.

13. Neural Galaxy Inc. is the Company's manager, with the authority to exercise all powers and privileges granted by Delaware law and to designate one or more officers with the authority to bind the Company.

14. Neural Galaxy Inc.'s current Directors are Dr. Liu, James Qun Mi, Qianye Karen Liu, Rui Ma, and Coach Wei.

15. Neural Galaxy Inc. designated Coach Wei as the Company's CEO.

16. Coach Wei was an at-will employee of the Company.

17. On December 13, 2018, the Company registered to do business in Massachusetts.

**Coach Wei's Mismanagement of Neural Galaxy Inc. and the Company, and His Termination**

18. Beginning in April, 2024, the Directors of Neural Galaxy Inc. began investigating allegations of misconduct by Defendant Wei, who was the CEO of both Neural Galaxy Inc. and the Company at the time.

19. During that investigation, the Directors of Neural Galaxy Inc. uncovered the following misconduct by Coach Wei in his role as CEO of both Neural Galaxy Inc. and the Company:

   a. Coach Wei caused the Company to pay more than $177,000 to the International School of Beijing to cover his children's tuition;

   b. Coach Wei caused the Company to pay hotel and travel expenses for a family trip.

   c. Coach Wei misappropriated funds from Neural Galaxy Inc. for his own personal use;

   d. Coach Wei unilaterally increased his monthly salary from Neural Galaxy Inc. without the necessary approval from the Board of Directors;

   e. Coach Wei fabricated contracts with his wife and niece, causing Neural Galaxy Inc. to pay his wife $90,000 in 2023 and 2024;

   f. Coach Wei fabricated labor contracts purporting to employ his brother;

   g. Coach Wei attempted to obtain illicit control of one of the subsidiaries of Neural Galaxy Inc;

   h. Coach Wei issued false statements about the official business of several of Neural Galaxy Inc.'s subsidiaries;

   i. Coach Wei issued false announcements to customers and recalled at least one customer delivery; and

   j. Coach Wei fabricated a lay-off plan for employees of Neural Galaxy Inc. and solicited employees from Neural Galaxy Inc.

20. On information and belief, Coach Wei used the Company's assets and funds for other personal reasons and expenses.

**Defendant Wei is Terminated as CEO of the Company &
Removed as the Signatory on the Company's Bank of America Accounts**

21. On April 10, 2024, Neural Galaxy Inc. held a meeting of its Board of Directors, with all five directors present.

22. At the April 10, 2024 meeting, the Board of Directors:

   a. Removed Coach Wei as the CEO of Neural Galaxy Inc., the Company, and a number of other subsidiaries, effective immediately;

   b. Appointed Dr. Hesheng Liu as the interim CEO of the Company, Neural Galaxy Inc., and other subsidiaries;

   c. Removed Coach Wei as the Company's sole director and appointed Dr. Hesheng Liu as the Company's new sole director for the Company;

   d. Removed Coach Wei and his agents as the signatories for all bank accounts of the Company, Neural Galaxy Inc., and their affiliates; and

   e. Appointed Dr. Hesheng Liu and his agents as the new signatory for all bank accounts of the Company, Neural Galaxy Inc., and their affiliates.

23. Since April 10, 2024, Defendant Wei has not been the CEO of either the Company or Neural Galaxy Inc.

24. On April 25, 2024, Neural Galaxy Inc. executed Written Resolutions of the Sole Member of the Company that (i) removed Coach Wei as the Company's Manager and all other positions and (ii) appointed Dr. Hesheng Liu as the new Manager, effective immediately.

25. Also on April 25, 2024, Neural Galaxy Inc. executed Amendments to Limited Liability Company Agreement of Neural Galaxy LLC. The 2024 Amendment replaced Paragraph 7 of the Company's 2018 Agreement – which had appointed Defendant Wei as the

President and CEO of the Company – and appointed Dr. Hesheng Liu as the President and CEO of the Company.

26. On May 3, 2024, the Company amended its registration with the Massachusetts Corporations Division. The amendment designated Dr. Hesheng Liu as the Company's Manager, Chairman, and CEO.

27. As the Company's Manager and CEO, Dr. Hesheng Liu has the power to appoint himself or his agent as the signatory for the Company's bank accounts.

### Coach Wei Misuses Company Funds after His Misconduct Is Discovered

28. On March 29, 2024, prior to the April 10, 2024 board meeting at which Coach Wei was removed as an officer of Neural Galaxy Inc. and the Company, Coach Wei was given notice of the April 10 board meeting.

29. The notice email included as agenda items Coach Wei's removal as an officer of Neural Galaxy Inc. and related entities (which included the Company).

30. On or about April 9, 2024, just before he was removed as an officer of the Company, Coach Wei caused the Company to pay more than $177,000 to the International School of Beijing to cover his children's tuition.

31. After the April 10, 2024 board meeting, Coach Wei refused to return control of the Accounts to the Company.

### Coach Wei Initiates Arbitration Against Neural Galaxy Inc.

32. On June 17, 2024. Coach Wei filed an arbitration with the Hong Kong International Arbitration Centre (the "Arbitration") against Neural Galaxy Inc. and its other three founders, Dr. Liu, Guoping Feng, and Robert Desimone

33. Coach Wei's Notice of Arbitration stated that the Arbitration concerned a dispute between Coach Wei, the other Founders and Neural Galaxy Inc. concerning Coach Wei's rights

6

to serve as a director of Neural Galaxy Inc. and the process pursuant to which Coach Wei could be removed or replaced as a director of Neural Galaxy Inc.

34. Coach Wei's Notice of Arbitration did not allege that he was seeking to be reinstated as the CEO of the Company or Neural Galaxy Inc., or that he was otherwise seeking to control the Company or Neural Galaxy Inc.

35. In filings in the Arbitration, Coach Wei has admitted:

   a. He is the former chief executive officer of Neural Galaxy Inc;

   b. His claim in the Arbitration is that any attempt to remove Coach Wei as a director of Neural Galaxy Inc. would be a breach of the Shareholders Agreement entered into by and among Neural Galaxy Inc. and its four founders; and

   c. That the entire Arbitration concerns his alleged right to be a director of Neural Galaxy Inc.

36. Shortly after filing the Arbitration, Coach Wei applied for an emergency order in the Arbitration prohibiting Neural Galaxy Inc. from removing him as a Director of Neural Galaxy Inc.

37. The Emergency Decision on that application confirmed that Coach Wei is just one of five directors of Neural Galaxy Inc., is no longer the CEO, and has no managerial position in Neural Galaxy Inc.

38. And Coach Wei's attorney in the arbitration confirmed that in Coach Wei's application, he was not arguing that he should be restored to the CEO position.

### Bank of America Freezes the Company's Accounts

39. In late April of 2024, the Company sought to change the signatory on the Accounts.

40. Bank of America asked that the Company provide certain documentation, which the Company provided.

41. On May 20, 2024, however, Bank of America informed the Company that the bank had received correspondence and documentation alleging a dispute over the ownership of the funds in the Company's Accounts and the Company's authority to withdraw funds from the Accounts.

42. The Company asked Bank of America to provide copies of the correspondence and documents that Bank of America had received.

43. Bank of America declined to provide the correspondence, but Bank of America informed the Company that, contrary to Coach Wei's allegations and admissions in the Arbitration, he had informed Bank of America that there was a dispute about control of the Company and Neural Galaxy Inc.

44. Relying on the correspondence it received from Coach Wei, Bank of America elected to freeze the Accounts and declined to change the signature authority on the Accounts.

45. The Company responded to Bank of America in writing on July 10, 2024. In that letter, the Company explained the process by which Coach Wei had been removed as CEO of the Company and as the signatory for the Company's Bank of America Accounts and provided the supporting documentation. Exhibit 1.

46. The Company's July 10, 2024 letter to Bank of America also explained that Dr. Hesheng Liu was the current and legal signatory for the Company's Bank of America Accounts, that the funds indisputably belong to the Company, and that there was no basis for Bank of America to claim that there was a valid dispute over the ownership of the funds in the Company's Accounts.

47.     The Company demanded that Bank of America unfreeze its Accounts immediately and confirm Dr. Hesheng Liu as the signatory for the Accounts.

### The Company's Failed Negotiations with Bank of America

48.     In an effort to resolve issues with the Accounts, the Company tried to work with Bank of America.

49.     First, at the suggestion of Bank of America, the Company opened two new accounts at Bank of America (the "New Accounts"), with Dr. Liu and Neural Galaxy Inc.'s General Counsel as the signatories.

50.     The Company deposited $400,000 into the New Accounts to allow it to continue operations.

51.     Second, the Company provided information to Bank of America and offered to execute a hold harmless agreement.

52.     On October 21, 2024, Bank of America and the Company executed a hold harmless agreement, in which Bank of America "agree[d] to unfreeze the Accounts and to give Liu signature authority for and access to the Accounts on behalf of [the Company]."  Exhibit 2.

53.     Bank of America never unfroze the Accounts or allowed Liu to access the Accounts and their funds on behalf of the Company, however.

54.     In early December 2024, Bank of America finally allowed the Company some access to online records of the Accounts, but it did not unfreeze the millions of dollars held in the Accounts.

55.     On December 10, 2024, Dr. Liu attempted to access the Accounts and received a message that Bank of America, without any communication with the Company, would retain the freeze on the Accounts.

9

56. In addition, Bank of America froze the New Accounts for the first time, further harming the Company's ability to operate.

57. The Company subsequently learned that Bank of America had refused to unfreeze the Accounts and had frozen the New Accounts because Coach Wei had again claimed that control of the Company and Neural Galaxy Inc. was being disputed.

58. In particular, the Company learned that Coach Wei had engaged an attorney in Massachusetts and, through his Massachusetts attorney, had told Bank of America that Coach Wei was seeking control of the Company and Neural Galaxy Inc. in the Arbitration.

59. Coach Wei's Massachusetts attorney then engaged in multiple calls with Bank of America and counsel for the Company.

60. On behalf of Coach Wei, his Massachusetts attorney informed Bank of America that Coach Wei intended to file an action against the Company in Massachusetts and disputed his removal as CEO of Neural Galaxy Inc. and his removal from the Company.

61. That representation by Coach Wei and his earlier representations to Bank of America were contrary to his allegations in the Arbitration, which only concerned a dispute between Coach Wei, the other founders, and Neural Galaxy Inc. concerning Coach Wei's rights to serve as a director of Neural Galaxy Inc. and the process pursuant to which Coach Wei Could be removed or replaced as a director of Neural Galaxy Inc.

62. Coach Wei's assertions to Bank of America were also contrary to his admissions in the Arbitration that he is the former chief executive officer of Neural Galaxy Inc. and that the entire Arbitration concerns his alleged right to be a director of Neural Galaxy Inc.

63. Because the Arbitration proceedings are covered by confidentiality restrictions, Coach Wei was able to make misrepresentations to Bank of America that were contrary to his

statements in the Arbitration, and the Company was unable to provide documentation from the Arbitration, including Coach Wei's own filings, that refuted Coach Wei's statements.

64. On information and belief, Coach Wei made misrepresentations to Bank of America and sought to freeze the Accounts and New Accounts as leverage against Neural Galaxy Inc. and his fellow shareholders in the Arbitration.

65. Based on his knowledge of the structure of the Company, Neural Galaxy Inc., and their affiliates, Coach Wei made these misrepresentations to Bank of America with the intent to cause harm to the Company, Neural Galaxy Inc. and their affiliates.

66. Coach Wei's actions in causing Bank of America to freeze the Accounts deprived the Company, Neural Galaxy Inc., and their affiliates of the ability to pay operating expenses, pay employees, and satisfy contractual and legal obligations to third parties.

## COUNT I
*(Declaratory Judgment)*

67. The Company restates and incorporates all the foregoing paragraphs of this Complaint.

68. The Company had accounts at Bank of America during all relevant times.

69. The Company is the only party with ownership over the funds in the Accounts and the New Accounts.

70. Coach Wei has no legal claim to ownership or control over the funds in the Accounts and the New Accounts.

71. Nevertheless, Coach Wei has repeatedly represented to Bank of America that there is a dispute over the control of the Accounts, and that he is rightfully still an officer of the Company, causing Bank of America to freeze the Accounts for more than nine months.

72. Accordingly, the Company is entitled to a declaratory judgment that:

    a. The Company is the only party with an interest in the funds in the Accounts and the New Accounts;

    b. Dr. Hesheng Liu, and any agent appointed by Dr. Liu, is the current and proper signatory for the Accounts and the New Accounts; and

    c. Coach Wei is not an officer of the Company.

## COUNT II
### *(Tortious Interference)*

73. The Company restates and incorporates all the foregoing paragraphs of this Complaint.

74. The Company had a contract with Bank of America that included the right to use and transfer the funds in the Accounts.

75. Coach Wei knew of the Company's contract with Bank of America and the Company's right to use and transfer the funds in the Accounts.

76. Coach Wei interfered with the Company's contract with Bank of America by sending correspondence and documents to Bank of America asserting that Coach Wei had or was seeking control of the Company and its funds.

77. Coach Wei's misrepresentations caused Bank of America to freeze the Company's funds in the Accounts.

78. The Company was harmed and continues to be harmed by Coach Wei's actions in an amount to be proven at trial.

## COUNT III
### *(Breach of Fiduciary Duty)*

79. The Company restates and incorporates all the foregoing paragraphs of this Complaint.

80. As its Manager and CEO from 2018 until April 10, 2024, Coach Wei owed the Company fiduciary duties of loyalty, honesty, fairness, and care.

81. By misusing the Company's assets for personal reasons and expenses, Coach Wei violated his fiduciary duties.

82. The Company was harmed by Coach Wei's breaches of fiduciary duties in an amount to be proven at trial, but not less than $178,896.

## REQUESTS FOR RELIEF

The Company respectfully requests the Court enter the following relief:

a. Enter judgment for the Company;

b. Enter an Order declaring that:

   i. The Company is the only party with an interest in the funds in the Accounts and the New Accounts;

   ii. Dr. Hesheng Liu, and any agent appointed by Dr. Liu, is the current and proper signatory for the Accounts and the New Accounts; and

   iii. Coach Wei is not an officer of the Company.

c. Award the Company compensatory and punitive damages;

d. Award the Company its costs and expenses, including attorneys' fees; and

e. Award the Company such other and further relief as the Court deems just and fair.

## JURY DEMAND

Neural Galaxy LLC demands a trial by jury as to all claims or issues so triable.

Dated: July 2, 2025                           NEURAL GALAXY LLC

By its attorneys,

*/s/ Nicholas Ramacher*
Nicholas Ramacher (BBO No. 680258)
Emma Notis-McConarty (BBO No. 696405)
Pietro A. Conte (BBO No. 707055)
DONNELLY, CONROY & GELHAAR, LLP
260 Franklin, Suite 1600
Boston, Massachusetts 02110
(617) 720-2880
njr@dcglaw.com
enm@dcglaw.com
pac@dcglaw.com